NOT DESIGNATED FOR PUBLICATION

No. 115,484

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN A. WHITE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; JEFFRY J. LARSON, judge. Opinion filed October 27, 2017.
Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Laura L. Miser*, assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before STANDRIDGE, P.J., HILL and SCHROEDER, JJ.

PER CURIAM: Nathan A. White appeals raising two issues. First, he claims the
district court erred in allowing an unidentified confidential informant (CI) to testify at
trial. The record reflects White failed to object at trial to the CI's testimony, therefore,
without a timely objection, there is no error. White's second point on appeal is a drug
transaction started in the morning and completed in the afternoon constitutes one
continuous sale, not two. We find the factors set out in *State v. Schoonover*, 281 Kan.
453, 507, 133 P.3d 48 (2006), apply—there were two separate transactions and thus, his

1

two convictions for distribution of methamphetamine were not multiplicitous.  We affirm.

FACTS

White sold drugs to a CI on June 24, 2015, under the supervision of Emporia Police Officer Dominick Vortherms and Lyon County Sheriff Deputy Heath Samuels. The CI contacted White on his cell phone and arranged to purchase half a gram of methamphetamine for $60. They agreed to meet at the Emporia Public Library. Deputy Samuels searched the CI, equipped him with a listening device, gave him $60 from the Emporia Police Department imprest fund, and transported him to the library. At 11:30 a.m., White arrived in a purple van and engaged in a hand-to-hand exchange with the CI. After White left, Deputy Samuels picked up the CI who turned over $30 of the original $60 from the imprest fund money and a bag containing 0.3 grams of methamphetamine.

The CI explained to Deputy Samuels that White did not have enough methamphetamine to complete the initially agreed-upon transaction and would have to obtain more to sell him the balance later in the afternoon. At approximately 3 p.m., the CI met with Deputy Samuels. The CI was searched, equipped with a listening device, and given $30 from the Emporia Police Department imprest fund. The sale was supposed to take place at the library; however, White's van was observed parked a block away. Deputy Samuels dropped the CI off nearby and watched him approach White's van. The CI and White engaged in another hand-to-hand transaction and White gave the CI 0.2 grams of methamphetamine in exchange for $30.

White was charged with two counts of distribution of methamphetamine and one count of illegal use of a communication device. The list of witnesses attached to the State's complaint did not identify the CI by name, instead referring to him as "Cooperating Individual #1." The State's probable cause affidavit merely referred to him

2

as "C.I." At the preliminary hearing, the State called Officer Vortherms and Deputy Samuels but did not call the CI to testify. Both officers referred to the CI but did not give his name. On cross-examination of Officer Vortherms, White asked for the CI's name. The State objected, arguing the information was irrelevant. White argued he had the right to confront the CI and could not subpoena him without being given his name. The district court sustained the State's objection.

The case proceeded to a jury trial. The State did not amend its complaint to include the CI's name prior to trial, nor did it file a motion to endorse him as a witness. The State called the CI to testify at trial and White did not object. The jury convicted White of all counts. He received a total controlling sentence of 15 months' imprisonment. White timely appealed.

ANALYSIS

*Allowing the unidentified CI to testify was not error.*

White argues the district court erred in permitting the CI to testify at trial. He contends K.S.A. 22-3201(g) puts an affirmative duty on the State and district court to ensure witnesses are endorsed in a timely manner and requires the district court hold a hearing any time the State seeks to endorse a witness after arraignment. His argument is flawed for several reasons.

K.S.A. 22-3201(g) provides:

"Except as otherwise provided, the prosecuting attorney shall endorse the names of all witnesses known to the prosecuting attorney upon the complaint, information and indictment at the time of filing it. Except as otherwise provided, the prosecuting attorney may endorse on it the names of other witnesses that may afterward become known to the

3

prosecuting attorney, at times that the court may by rule or otherwise prescribe. If any witness is to testify and the prosecuting attorney believes the witness who has provided information is in danger of intimidation or retaliation, the prosecuting attorney may delay identifying such informant witness until such informant witness actually testifies but in no event shall identification of a witness be delayed beyond arraignment without further order of the court after hearing and an opportunity of the defendant to be heard."

*No Contemporaneous Objection to the CI's Testimony at Trial.*

White acknowledges he did not contemporaneously object to the admission of the CI's testimony at trial. He further acknowledges issues not raised below generally cannot be raised for the first time on appeal. However, he argues the issue should be considered because it is a question of law arising on proven or admitted facts and is finally determinative of the case and consideration of the issue is necessary to serve the ends of justice or prevent the denial of fundamental rights. White is correct—an issue not raised below may be raised for the first time on appeal under those circumstances. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). However, he errs in arguing the exceptions to this rule apply under the facts of this case. Here, the issue of the CI's identity was raised at the preliminary hearing where White argued the CI's name was necessary because he was unable to subpoena and cross-examine him. At trial, White failed to renew the issue and object to the CI's testimony.

Our Supreme Court has generally interpreted K.S.A. 60-404 as requiring a contemporaneous objection on the record in order to preserve an evidentiary challenge for appeal. See *In re Care & Treatment of Thomas*, 301 Kan. 841, 845, 348 P.3d 576 (2015); *State v. King*, 288 Kan. 333, 341-42, 204 P.3d 585 (2009). Generally, any pretrial objection to the admission or exclusion of evidence must be preserved by contemporaneously objecting at trial. *State v. Holman*, 295 Kan. 116, 127, 284 P.3d 251 (2012). This applies even when the evidentiary claim involves a defendant's constitutional rights. *State v. Moore*, 302 Kan. 685, 697-98, 357 P.3d 275 (2015). On

4

occasion, Kansas appellate courts have refused to strictly apply the contemporaneous objection rule in some contexts upon finding the underlying purpose for the rule has been satisfied. See, e.g., *State v. Spagnola*, 295 Kan. 1098, 1103, 289 P.3d 68 (2012) (evidence admitted at a bench trial conducted by the same judge who denied the defendant's motion to suppress); *State v. Breedlove*, 295 Kan. 481, 490-91, 286 P.3d 1123 (2012) (objections at trial were timely but not specific).

White does not argue the exceptions in *Spagnola* or *Breedlove* apply. Instead, he argues he should be relieved of his burden to make a contemporaneous objection under K.S.A. 60-404 because the State allegedly failed to meet its burden under K.S.A. 22-3201(g). He acknowledges our Supreme Court has held defendants must not only object to the late endorsement of a witness but also seek and be denied a continuance of trial to show reversible error. He contends this requirement is inconsistent with K.S.A. 22-3201(g).

The State acknowledges it did not amend the complaint to reflect the CI's name, asserting it did so inadvertently. Nevertheless, the State contends White's argument is flawed because without an objection, it would require the district court to raise the issue sua sponte. As the State correctly points out, it is error for the district court to raise nonjurisdictional issues sua sponte. See *Frontier Ditch Co. v. Chief Engineer of Div. of Water Resources*, 237 Kan. 857, 864, 704 P.2d 12 (1985). Here, because White did not contemporaneously object, the district court would have had to raise a nonjurisdictional issue—the admission of evidence—sua sponte in order to ensure the CI's endorsement was in accordance with K.S.A. 22-3201(g). To do so would be error. See *Frontier Ditch*, 237 Kan. at 864.

White's arguments regarding preservation of the issue are not persuasive. Because he did not contemporaneously object to the CI's testimony, the issue is not properly preserved for review. See *King*, 288 Kan. at 342.

*Two Separate Sales*

White argues he completed only one sale of methamphetamine involving a half gram for $60 to the CI, but split it into two transactions. White acknowledges the issue was not raised before the district court but argues it should be considered on appeal to serve the ends of justice or prevent the denial of a fundamental right. He further argues the issue presents a purely legal question arising on proven or admitted facts and is finally dispositive of the issue. Here, White has explained and supported why the issue can be raised for the first time on appeal, thus we will consider the merits of his claim.

Whether a defendant's convictions are multiplicitous presents a question of law subject to unlimited review. *Phillips*, 299 Kan. at 494. Here, White was charged with two separate counts of distribution of methamphetamine. In pertinent part, K.S.A. 2016 Supp. 21-5111(g) defines "distribute" as:

> "[T]he actual or constructive transfer from one person to another of some item whether or not there is an agency relationship. 'Distribute' includes, but is not limited to, sale, offer for sale, furnishing, buying for, *delivering, giving, or any act that causes or is intended to cause some item to be transferred from one person to another*." (Emphasis added.)

The evidence reflects White offered for sale, sold, and furnished methamphetamine to the CI—there was an actual transfer of methamphetamine from White to the CI and an actual transfer of money from the CI to White. Initially, the agreement was for White to sell a half a gram of methamphetamine for $60. However, the transaction was ultimately split up because White did not have a full half gram and was able to deliver 0.3 grams of methamphetamine for $30 at 11:30 a.m. and 0.2 grams of methamphetamine for $30 at 3 p.m. Thus, both the morning and afternoon transactions were separate events and meet the definition of distribute as detailed in K.S.A. 2016 Supp. 21-5111(g).

6

White acknowledges each transaction satisfies the statutory definition to distribute but argues they arose from the same conduct and are therefore unitary. We find his claim unpersuasive. In *Schoonover*, our Supreme Court identified four factors in determining whether there is unitary conduct: (1) whether the acts occur at or near the same time; (2) whether the acts occur at the same location; (3) whether there is a causal relationship between the acts, in particular whether there was an intervening event; and (4) whether there is a fresh impulse motivating some of the conduct. 281 Kan. at 507.

Here, the acts occurred more than three hours apart at different locations. Thus, the first two factors fail to support his claim of unitary conduct. There was a causal relationship between the events as White agreed to sell the CI half a gram of methamphetamine for $60. However, White did not have enough methamphetamine so he took half the money and agreed to deliver and sell the remainder later in the afternoon for $30 once he restocked. Clearly, White's need to obtain more drugs to complete the transaction was an intervening event. Finally, because White only received $30 in the first transaction, receiving another $30 for the remainder of the drugs was a fresh impulse motivating the conduct.

The *Schoonover* factors do not support White's claim the two sales were from the same conduct and thus unitary. His two convictions for distribution of methamphetamine were not multiplicitous.

Affirmed.

7